JOHN S. MILLER and others *v.* MARY A. PHILLIPS, Executrix.

Decision in *Wheeler* v. *Wheeler,* 1 R. I. 364, re-affirmed, that revocation of a will by marriage, under the statutes of Rhode Island, is presumptive only.

Evidence that the testatrix, who wrote a will before her marriage, spoke of her will after her marriage, held to be properly admitted.

Evidence of parol declarations is admissible, to rebut the presumption of revoca- tion from marriage, to be weighed by the jury in connection with other evidence.

MOTION for a new trial of an appeal from a decree of the Court of Probate of the town of North Kingstown, approving

the last will and testament of Sarah G. Aylesworth, a married woman, but formerly, and at the time of making the will, single, and named Sarah G. Miller.

At the trial of the appeal before Chief Justice Bradley and a jury, at the February term , 1868, of the Supreme Court for this county, a verdict was rendered in favor of the will, whereupon the appellants moved for a new trial, upon the ground that the verdict was against the evidence, and also because of alleged error on the part of the presiding judge, in allowing evidence to pass to the jury that the testatrix spoke of the will after her marriage.

*Browne and Van Slyck, for the appellants.*

A new trial should be granted, because

I.   It appeared upon the trial that the testatrix (so claimed) was married to one Aylsworth, after the execution of the will sought to be probated, which worked a revocation of the will. *Wheeler* v. *Wheeler*, 1 R. I. 364.

II.   There was, shown no act of the testatrix or circumstances, that the will was made in view of marriage, or that it was to stand, notwithstanding the marriage.

III.   It was error in permitting the witnesses to testify that testatrix spoke of the will.

*James Tillinghast, for the appellee.*

The ruling excepted to, rigorously excluded all declarations of the testatrix, and merely admitted evidence of the fact, *as a fact*, that she did, after her marriage, speak of the will ; not even allowing evidence as to whether she spoke of it as an existing will or not; and, clearly, as thus limited, it was strictly within all the authorities that admit parol testimony at all. It strictly followed the ruling on this point in *Wheeler* v. *Wheeler*, 1 R. 1. 364; a ruling which, if open to review, so far from being *too liberal*, the appellee submits is *too restricted;* and is inconsistent with the better reason and authority. See Per Chan. Kent, *Brush* v. *Wilkins*, 4 John. Ch. 516. Clancy on legal and equitable rights of married women, §§ 821 et seq.

It is a question of intention ; and it is difficult to see why the declarations of the testator—accompanied, of course, by the

circumstances under which they were made,—are not compe-
tent, and it would seem in very many cases the best evidence,
of his intention ; or why they should be excluded to rebut
presumptive revocation by marriage, any more than presump-
tive revocation by partial burning, or tearing, or loss of the
will, &c., in which it is believed they are always admissible,
to show that the acts were not done *animo revocandi.* 1 Red-
field on Wills, 301 et seq. ; *Whiteley* v. *King,* 17 C. B.
Rep. (N. S.) 75 ; *Wilson* v. *Foshet,* 6 Met. 400 ; *Betts* v. *Jackson,*
6 Wend. 187–8; *Lawyer* v. *Smith,* 8 Mich. (4 Cooley,) 411;
*Smock* v. *Smock,* 3 Stock. 156 ; *Hildreth* v. *Schillengen,* 2 Ib. 196;
*Colvin* v. *Warford,* 20 Md., 357.

POTTER, J. The testatrix, Sarah Miller, made a will in April,
1866, and married August, 1866, and died June, 1867. The
will was admitted to probate by the Court of Probate of North
Kingstown, and on appeal to the Supreme Court, on trial by
jury, a verdict was rendered in favor of the will, at the February
term, 1868.

The motion for a new trial is founded on two alleged reasons ;
that improper testimony was allowed, and that the verdict is
against the evidence.

A witness was asked, whether the testatrix spoke of the will
after her marriage. It was objected to and ruled in, and the
witness answered : she did speak of the will to me after her
marriage. Some declarations of the wife to her husband, Ayles-
worth, were stricken out by the court.

It appeared that the testatrix was, at the time of this mar-
riage, sixty-four years old, and that this was her fourth marriage.

The appellant contends : 1. That the marriage of the testa-
trix worked a revocation of the will. 2. There was no act of
the testatrix to show that the will was made in view of mar-
riage, or that it was to stand notwithstanding the marriage. 3.
That evidence that the testatrix spoke of the will after marriage
was improperly admitted.

By the old authorities, marriage alone, in case of a woman,
absolutely revoked a will. This was because a married woman
could make no will. As the law now stands, there is no more

reason why marriage should work an absolute revocation in case of a woman, than in the case of a man. And we recognize as sound law the construction put upon our statute, (chap. 154, § 5,) by the Supreme Court, in *Wheeler* v. *Wheeler*, (1 R. I. 364,) that revocation of a will by marriage, under our statute, is presumptive only.

The doctrine of implied revocation of wills, is of comparatively modern date, and was adopted from the Roman civil law. See the cases referred to in *Johnston* v. *Johnston*, 1 Phillim., 447, and Lord Kenyon in *Lancashire* v. *Lancashire*, 5 Durn & East. 59.

And the evidence that the testatrix spoke of her will, we think, was properly admitted. Although there was for a time a great conflict of authority on the question, whether parol evidence could be admitted in order to rebut the presumption of revocation, we consider the weight of authority now to be strongly in favor of its admissibility. It is, indeed, to use the words of Sir John Nichol in *Johnston* v. *Johnston*, *supra*, the lowest species of evidence, and always to be received with caution; they may be insincere, or the passing thought of a moment, and they may be easily misapprehended and misrepresented; on the other hand, they may be made seriously and deliberately, and upon occasions where great weight should be attached to them. At any rate they are admissible, and to be weighed by the jury in connection with other evidence. *Legge* v. *Legge*, 1 Ld. Raym., 441; *Brady* v. *Cubit*, 1 Doug., 31; *Hall* v. *Dunch*, 1 Vern., 329; *Goodlittle* v. *Otway*, 2 H. B. 522; *Holloway* v. *Clarke*, 1 Phillim. 339; and on the point that the verdict is against the weight of evidence, we see no reason for setting it aside.

*Motion for new trial refused.*